UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**KELVIN KEITH BELL**                                                                                      **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 4:20-CV-P34-JHM**

**MIKE LEWIS et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kelvin Keith Bell, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action in part and allow it to continue in part.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at Hopkins County Jail (HCJ), names as Defendant in his official capacity HCJ Jailer Mike Lewis and as Defendants in their individual capacities Sergeant Carl Coy and Deputy Anthony Davis. He states that on December 17 he was given 90 days of disciplinary segregation and a "2/3 review for Feb. 11", but that Defendant Coy then advised him that he never had a "2/3 review" even though "[e]veryone who comes to the hole receives a 2/3 review." He states that Defendant Coy also told him that he had "several write-ups. I was wrote up for inappropriate comments I used when I was spit on by Deputy Davis." He alleges that Defendant Coy violated his right to equal protection under the Fourteenth Amendment.

Plaintiff next alleges that he "received an additional 90 days on Feb. 24th. Sgt. Coy came back to my cell and told me he was here for the incidents of flushing a razor, inappropriate

touching another guard, and disrespecting another guard." When Plaintiff asked if he just took the word of his deputies, Defendant Coy said, "Yes." Plaintiff alleges:

> [My right to a] proper disciplinary court call is simply violated. Sgt. Coy is the disciplinary officer. It's his job to investigate any accusation like those. I appealed his decision and 30 minutes later Sgt. Hunt came back here to answer my appeal. He told me he had no knowledge of inappropriate touching a guard. He was back here for the razor and disrespecting staff. I asked him if he looked over the video and audio of what just took place. He said no.

Plaintiff states, "They have cameras here and audio that can be looked at to determine if the accusations made by their staff or even inmates is right. That is violating Due Process, Equal Protection, [and] cruel and unusual punishment."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Official-capacity claims*

Plaintiff names Defendant Lewis in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendant Lewis, Jailer of HCJ, in his official capacity are actually brought against Hopkins County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Hopkins County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege a custom or policy of Hopkins County. Thus, the official-capacity claim will be dismissed.

### B. Individual-capacity claims

Plaintiff alleges that his due-process right, equal-protection right, and right to be free from cruel and unusual punishment have been violated by Defendants Coy and Davis in their individual capacities. The Court will consider these claims in reverse order.

Because Plaintiff is a pretrial detainee, the Eighth Amendment's prohibition against cruel and unusual punishment does not apply. Instead, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Court will, therefore, dismiss Plaintiff's Eighth Amendment cruel-and-usual-punishment claims.

To sustain an equal-protection claim, Plaintiff must allege, in part, that Defendants intentionally discriminated against him because he was a member of a protected class,

4

*McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff has not alleged that the alleged wrongful conduct was intentionally taken against him because of his membership in a protected class or that he was treated differently than similarly situated individuals. Therefore, Plaintiff's claim for relief for violation of the Equal Protection Clause will be dismissed.

The Court will allow Plaintiff's Fourteenth Amendment due-process claims to go forward against Defendants Coy and Davis in their individual capacities.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendant Lewis and his claims related to equal protection and the Eighth Amendment are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to § 1915A(b)(1).

The Clerk of Court is **DIRECTED to terminate** Defendant Lewis as a party to this action.

The Court will enter an Order Directing Service and Scheduling Order to govern the development of the remaining claims in this case.

Date: July 23, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney
4414.009